IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Roy Boyd, | ) | C/A No.: 1:11-2981-TLW-SVH |
| | ) | [Fourth Circuit Docket No. 12-6490] |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER AND |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| Billy Roy Boyd, # 349065, | ) | C/A No.: 1:12-201-TLW-SVH |
| | ) | [Fourth Circuit Docket No. 12-6553] |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND |
| Bernard McKie, Warden of Kirkland | ) | REPORT AND RECOMMENDATION |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The two above-captioned cases were formerly pending in this district court.[1] Both cases are on limited remand from the Fourth Circuit Court of Appeals.

I.   Factual and Procedural Background

Petitioner Billy Roy Boyd is a state prisoner who submitted a *pro se* Motion for Dismissal of Indictment on or about September 22, 2011 relating to criminal charges

---

[1] The above cases were originally assigned to United States District Judge Timothy M. Cain, and on October 10, 2012, the cases were reassigned to the United States District Judge Terry L. Wooten, with no change in assignment of the undersigned Magistrate Judge. *See* Entry #41 in 1:11-2981; Entry #24 in 1:12-201.

then-pending against him in the Court of General Sessions for Greenville County.[2] *See* Misc. No. 6:11-2070-TMC, Entry #1. Because Petitioner sought dismissal of his criminal charges by alleging his speedy trial rights were violated, this court construed the motion as a petition pursuant to 28 U.S.C. § 2241 and converted the miscellaneous case filing to Civil Action No. 1:11-2981-TMC-SVH ("First Habeas Action").[3]

On December 27, 2011, the court directed Petitioner to submit the five-dollar filing fee or a motion for leave to proceed *in forma pauperis* and to submit his allegations on the court's approved habeas form. The order mistakenly referred to the § 2254 form (Form AO 241), rather than the § 2241 form (Form AO 242), and the § 2254 form was sent to Petitioner. *See* First Habeas Action, Entry #14. On January 23, 2012, the Clerk's Office received the filing fee and the completed § 2254 form. The Clerk's Office properly credited the filing fee to Petitioner's First Habeas Action, *id.* at Entry #18; however, the

---

[2] Petitioner was indicted on February 15, 2011 on two counts of kidnapping and two counts of armed robbery (Indictment Nos. 2010-GS-23-3487, 3488, 3489, and 3490). *See* Public Index for the Greenville County Clerk of Court Office (http://http://www.greenvillecounty.org/scjd/publicindex/disclaim23.asp, last visited on Oct. 10 2012), which indicates that the true bill date for the four charges was February 15, 2011. This court takes judicial notice of Petitioner's criminal cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] Although Petitioner contends he never sought habeas relief and instead sought "Dismissal of Indictment Pursuant to Speedy Trial Act of 1974 and Sixth Amendment" (First Habeas Action, Entry #30 at 1; Second Habeas Action, Entry #15 at 1), the claim of a state prisoner that he was denied a speedy trial is only cognizable in a habeas corpus proceeding. *See Davis v. Hudson*, 436 F. Supp. 1210, 1214 (D.S.C. 1977).

Clerk's Office improperly docketed the completed § 2254 form as a new civil action, with Civil Action No. 1:12-201-TMC-SVH ("Second Habeas Action").

Because the completed § 2254 form was docketed in a separate case without the payment of a corresponding filing fee, on February 3, 2012, the court issued an order in the Second Habeas Action directing Petitioner to bring the case into proper form by submitting the five-dollar filing fee or a motion for leave to proceed *in forma pauperis* within twenty-one days. *See* Second Habeas Action, Entry #6. Petitioner did not respond to the proper form order, and after the deadline for complying had passed, Judge Cain dismissed the Second Habeas Action without prejudice on March 7, 2012 for failure to bring the case into proper form. *Id.* at Entry #12. On March 26, 2012, Petitioner filed a Notice of Appeal of the Second Habeas Action. *Id.* at Entry #15; Fourth Circuit Docket No. 12-6553.

Independently, on February 10, 2012, the undersigned Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the First Habeas Action be dismissed without prejudice for failure to exhaust state court remedies, noting that Petitioner alleged that he was then-currently awaiting trial in an ongoing state criminal proceeding.[4] First Habeas Action, Entry #23. On March 9, 2012, Judge Cain entered an order adopting the R&R and dismissing the First Habeas Action without prejudice for

---

[4] The court later learned that Petitioner had been convicted of two counts of kidnapping and two counts of armed robbery after a jury trial on December 14, 2011, for which he was sentenced on concurrent terms of ten and twenty years in prison. *See* Public Index for the Greenville County Clerk of Court Office, *supra*.

failure to exhaust state court remedies. *Id.* at Entry #27. On March 16, 2012, Petitioner filed a Notice of Appeal of the First Habeas Action. *Id.* at Entry #30; Fourth Circuit Docket No. 12-6490.

After the two Notices of Appeal were filed, the District Court Clerk's Office filing error became apparent, and the court notified the Clerk's Office of the Fourth Circuit that the petition filed in the Second Habeas Action should have been filed as an amended petition in the First Habeas Action.

On August 16, 2012, the Fourth Circuit issued a joint opinion in the two cases and directed a limited remand ("Order of Limited Remand") to the district court pursuant to Fed. R. Civ. P. 60(a) and *Fobian v. Storage Tech. Corp.*, 164 F.3d 887 (4th Cir. 1999). First Habeas Action, Entry #35; Second Habeas Action, Entry #20. On October 10, 2012, the cases were reassigned to the Honorable Terry L. Wooten, United States District Judge. The cases are now before the undersigned Magistrate Judge for preparation of a Report and Recommendation.

II. Discussion

As an initial matter, the undersigned directs that the District Court Clerk's Office correct the filing error by docketing the petition in the Second Habeas Action as an amended petition in the First Habeas Action ("Amended Petition").

Although Petitioner's First Habeas Action was initially construed as a § 2241 petition, the proper form order mistakenly directed Petitioner to complete a § 2254 form (Form AO 241). Consequently, the Amended Petition is a § 2254 petition. While the

conversion from a § 2241 petition to a § 2254 petition was not intentional, it is proper given Petitioner's intervening state court convictions on December 14, 2011.  *See* Public Index for the Greenville County Clerk of Court Office (http://http://www.greenvillecounty.org/scjd/publicindex/disclaim23.asp, last visited on Oct. 10, 2012), which indicates that the disposition date for the four charges was December 14, 2011.

Section 2241 allows a district court to grant a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241.  At the same time, § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2254.  Profound procedural differences, however, distinguish § 2254 petitions from § 2241 petitions.  For example, Under the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2254 petitions are subject to more stringent limitations than § 2241 petitions.

Although at first glance § 2241 and § 2254 seem to provide dual avenues to habeas relief, "the majority view [is] that . . . § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment."  *White v. Lambert,* 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010); *see also Rittenberry v. Morgan,* 468 F.3d 331, 337–38 (6th Cir. 2006) (finding that § 2254 does "not provide a separate source of habeas jurisdiction

5

from [§ ] 2241," but instead is a limitation on it and that all habeas challenges to state court convictions are subject to § 2254's restrictions, including those found in § 2244); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278–79 (2d Cir. 2003) (holding that a prisoner in custody pursuant to the judgment of a state court must challenge his incarceration through § 2254); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001) (applying principles of statutory construction to find that a prisoner held in custody pursuant to the judgment of a state court must seek habeas relief under § 2254); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that § 2254 is "the only vehicle" through which a prisoner held in custody pursuant to the judgment of a state court may obtain habeas relief "no matter how his pleadings are styled"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (recognizing § 2254 as the "exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody").

Whereas the majority of circuits have found that prisoners held in custody pursuant to state court judgments must challenge their convictions and judgments through § 2254, the Fourth Circuit has yet to rule on the issue. In the absence of such guidance, the undersigned finds the majority view persuasive. *See also Rochester v. Reynolds*, C/A No. 8:10-1879-HFF-BHH, 2010 WL 3786193, at *2 (D.S.C. Sept. 21, 2010) (adopting the majority view), *appeal dismissed*, No. 10-7712, 412 Fed. Appx. 571, 2011 WL 64126 (4th Cir. Feb. 23, 2011). Consequently, the undersigned recommends that the District Court

Clerk's Office be directed to change the classification of this case to a § 2254 Petition for Writ of Habeas Corpus.

Regardless of whether the case is considered to be brought pursuant to § 2241 or § 2254, the ultimate disposition of the First Habeas Action (dismissal without prejudice for failure to exhaust state court remedies) is not affected. Remedies under either statute may only be sought after a petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490−91 (1973) (exhaustion required under § 2241). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994).

Here, Petitioner has not met his burden of demonstrating that he has exhausted his state remedies. In the Amended Petition, Petitioner admitted that he did raise any of the four asserted grounds through a direct appeal or other post-conviction proceedings. Second Habeas Action, Entry #1 at 5–12. Consequently, Petitioner has not properly exhausted his state court remedies and may not proceed in a habeas action under § 2241 or § 2254.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the District Court dismiss the Second Habeas Action (Civil Action No. 1:12-201-TLW-SVH) without prejudice because it is duplicative of the First Habeas Action.  It is further recommended that the District Court change the classification of the First Habeas Action (Civil Action No. 1:11-2981-TLW-SVH) to a § 2254 petition and to dismiss it without prejudice for failure to exhaust state court remedies.  If the District Judge accepts this R&R, pursuant to the Fourth Circuit's Order of Limited Remand, "[t]he record, as supplemented, will then be returned to [the Fourth Circuit] for further consideration.  If still dissatisfied, Boyd can also appeal to [the Fourth Circuit] from any subsequent final order or orders of the district court."  First Habeas Action, Entry #35 at 3; Second Habeas Action, Entry #20 at 3.

IT IS SO RECOMMENDED.

October 10, 2012                               Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).